[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12390
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00235-WS-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY R. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 17, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Anthony Rashad Brown appeals his 36-month sentence after pleading guilty to one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Brown challenges two sentencing decisions made by the district court: one holding him responsible for larger quantities of marijuana than he claims was appropriate and a second improperly enhancing his sentence for possession of a weapon.  After careful consideration, we conclude that any sentencing errors were harmless because the district court would have given the same sentence if the alleged errors were corrected, and its sentence was otherwise reasonable.

### I.

In November 2012, police discovered sixty pounds of marijuana when they stopped a van registered to Brown.  After obtaining a warrant, police searched Brown's home.  Inside, they discovered a firearm.  In February 2013, Brown was pulled over by police for a seatbelt violation.  Brown sped off and led police on a high-speed chase.  When police finally apprehended Brown, a search of his vehicle revealed twenty-six pounds of marijuana.  Brown was later indicted on four drug and weapons counts.  He pleaded guilty to one count of possession with intent to distribute marijuana under § 841(a)(1), but was acquitted at trial on the remaining three counts.

2

At sentencing on the single count of conviction, the district court held Brown accountable for eighty-six pounds of marijuana—the twenty-six pounds he had when he was arrested as well as the sixty pounds found months before, when his friends were stopped while driving his car. The district court then applied a two-level dangerous-weapon enhancement under United States Sentencing Guidelines § 2D1.1(b)(1) for the handgun found in Brown's home during the earlier search. On appeal, Brown argues that that the district court erred by holding him accountable for more than the twenty-six pounds of marijuana police found when he was arrested. He also argues that the district court was wrong to impose a two-level enhancement for possession of a dangerous weapon under § 2D1.1(b)(1).

## II.

We must affirm because any potential error the district court made in calculating Brown's sentence was harmless. When a district court errs in applying the Guidelines, remand is unnecessary if the error did not affect the overall sentence imposed. Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120–21 (1992). "[I]t would make no sense to set aside [a] reasonable sentence and send the case back to the district court [where] it has already told us that it would impose exactly the same sentence." United States v. Keene, 470 F.3d 1347, 1350 (11th Cir. 2006). Here, the district court expressly stated that it would

impose the same sentence regardless of the propriety of its Guidelines determinations because it viewed 36 months as a reasonable sentence.

Even accepting this premise, the overall sentence must still be substantively reasonable. See id. at 1349. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). In evaluating substantive reasonableness, "[w]e consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in [18 U.S.C.] § 3553(a)." United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). Section 3553(a) instructs the district court to consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and whether the sentence imposed reflects the seriousness of the offense, deters future criminal conduct, and protects the public.

Brown's sentence was substantively reasonable. A 36-month sentence is well below the statutory maximum sentence of five years. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Beyond that, the district court calculated the guideline range, considered the § 3553(a) factors, and then found that the sentence was sufficient but not greater than necessary to achieve the sentencing objectives set forth in § 3553(a). Brown dealt in large amounts of marijuana and was arrested after a dangerous high-speed chase. Under

these circumstances, the district court did not impose a substantively unreasonable sentence.

We affirm the district court's sentence without reaching Brown's arguments related to the alleged Guidelines errors.  See Keene, 470 F.3d at 1350.

**AFFIRMED.**